The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and arguments on appeal. Based upon the assignments of error, the appealing party has shown good ground in part to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission modifies in part and affirms in part the Deputy Commissioners holding and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in an Industrial Commission Form 21 Agreement for Compensation, which was approved on 24 August 1998, in their Pre-Trial Agreement which was filed on 11 May 1999, and at the hearing on 11 May 1999 as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Zenith Insurance Company was the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on 25 September 1995 for which he lost no time from work.
5. Plaintiffs average weekly wage was $560.00, which yields a maximum compensation rate of $373. 35 per week.
6. Defendants paid plaintiff for the five percent (5%) permanent partial impairment rating under the Form 21 Agreement.
7. The issue for determination is whether defendants should be required to pay for ongoing chiropractic treatment for plaintiff.
8. The parties stipulated twenty-five pages of medical reports into the record.
***********
Based upon the record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner on 11 May 1999, plaintiff was a fifty-six year old male.
2. On 25 September 1995, plaintiff was struck in the neck and shoulder area by a PVC pipe that his foreman was lifting. Plaintiff was taken to New Hanover Regional Medical Center Emergency Department, where X-rays of his cervical and thoracic spine were negative and he was diagnosed with a contusion of the posterior thorax. Plaintiff was prescribed Orudis for his pain and instructed to perform no heavy lifting for two (2) days.
3. On 6 October 1995, plaintiff was authorized to seek chiropractic care from Coastal Chiropractic Center.
4. After plaintiff had received thirty (30) chiropractic sessions as permitted under the Industrial Commissions Medical Fee Schedule, the carrier transferred plaintiffs care to an orthopedist, Dr. Landon Anderson in January of 1996.
5. Dr. Anderson referred plaintiff to Wilmington Physical Therapy where a therapy program was initiated on 24 January 1996. After seven (7) therapy sessions, plaintiff was released and was to perform home exercises on and after 24 February 1996.
6. In March 1996, plaintiff began working at Waste Tech.
7. On 25 March 1996, plaintiff returned for a scheduled examination with Dr. Anderson. Plaintiff reported having worked twelve (12) hour shifts for twenty to thirty (20-30) days in a row because of a shutdown, but advised that he would have lighter work ahead. Dr. Anderson continued plaintiffs Motrin prescription and recommended that he continue to use heat as needed for his pain.
8. At his 21 May 1996 appointment, plaintiff informed Dr. Anderson that he had not been doing his exercises. An examination revealed a full range of motion in plaintiffs neck. Dr. Anderson encouraged plaintiff to use heat twice a day, take the Motrin and do his daily exercises. At the next scheduled appointment on 15 July 1996, plaintiff reported doing well and stated that Motrin helped with the occasional neck pain which he experienced.
9. On 7 October 1996, Dr. Anderson found plaintiffs condition had stabilized and assigned a five percent (5%) permanent partial disability rating for his neck. Dr. Anderson instructed plaintiff to call if he had any problems and provided plaintiff with a prescription for additional Motrin, but advised that if plaintiff planned to take it over a prolonged period of time, he would need to come in for occasional office visits.
10. On 5 February 1997, plaintiff returned to Dr. Anderson with complaints of neck and right shoulder pain after overhead work. Dr. Anderson ordered additional Motrin and physical therapy. The carrier authorized this visit with Dr. Anderson; however, the therapy was not authorized.
11. Between 5 February 1997 and 10 July 1997, plaintiff did not seek medical attention for his neck.
12. On 25 September 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
13. On 11 July 1997, plaintiff sought treatment at Coastal Chiropractic Center after a period of waking up with burning and tingling in his right hand, thumb, first finger and second finger. Between 11 July 1997 and 17 February 1999, plaintiff has received thirty-two chiropractic sessions. These chiropractic treatments were not authorized by defendants.
14. On 14 August 1998, plaintiff filed an Industrial Commission Form 33 Request For Hearing for the purpose of determining defendants responsibility for these later chiropractic treatments.
15. By filing his Industrial Commission Form 33, plaintiff was in fact seeking the approval of the Industrial Commission for the chiropractic treatments at issue. Furthermore, the Full Commission finds that this request was made within a reasonable time with regards to treatments received subsequent to 14 August 1998. Accordingly, the chiropractic treatments received by plaintiff from 14 August 1998 through 17 February 1999 are approved as being reasonably necessary as the result of his 25 September 1995 injury by accident.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 25 September 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. 97-2(6).
2. As the result of his 25 September 1995 injury by accident, plaintiff is entitled to have defendants pay for the chiropractic treatments he received during the period of 14 August 1998 through 17 February 1999. G.S. 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies in part and affirms in part the Deputy Commissioners holding and enters the following:
 AWARD
1. Defendants shall pay for the chiropractic treatments received by plaintiff during the period of 14 August 1998 through 17 February 1999.
2. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER